1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone: (213) 430-3400
    Facsimile: (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND      )
20  PRODUCTS LIABILITY LITIGATION       )   CASE NO. 3:08-cv-0794-CRB
    ─────────────────────────────       )
21  This document relates to            )   **PFIZER INC., PHARMACIA
                                        )   CORPORATION, AND G.D.
22  BRIAN SCOGIN,                       )   SEARLE, LLC'S ANSWER TO
                                        )   COMPLAINT**
23          Plaintiff,                  )
                                        )
24      vs.                             )   **JURY DEMAND ENDORSED
                                        )   HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE, LLC,               )
26                                      )
            Defendants.                 )
27  ─────────────────────────────       )

28

(sidebar) Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   (improperly captioned in Plaintiff's Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4   "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would

5   respectfully show the Court as follows:

6                                        **I.**

7                          **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").   Accordingly, this Answer can only be drafted generally.

10   Defendants may seek leave to amend this Answer when discovery reveals the specific time

11   periods in which Plaintiff was prescribed and used Bextra®.

12                                      **II.**

13                                    **ANSWER**

14               **Response to Allegations Regarding Parties**

15   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

16   deny that Plaintiff is entitled to any relief or damages.   Defendants admit that, during certain

17   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19   accordance with their approval by the FDA.   Defendants admit that, during certain periods of

20   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22   providers who are by law authorized to prescribe drugs in accordance with their approval by the

23   FDA.   Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.   Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

28   and deny the remaining allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including the States of California and Arkansas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including the States of California and Arkansas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Allegations Regarding Jurisdiction and Venue**

2    6.    Defendants are without knowledge or information to form a belief as to the truth of the

3    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

4    therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

5    in controversy exceeds $75,000, exclusive of interests and costs.

6    7.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, and,

8    therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are

9    diverse.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10   8.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

12   which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

13   committing a tort in the States of California and Arkansas, and deny the remaining allegations

14   in this paragraph of the Complaint.

15   9.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Bextra® in the United States, including the States of California and Arkansas,

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants admit that they provided FDA-approved prescribing information regarding

23   Bextra®.  Defendants admit that they do business in the State of Texas.  Defendants state that

24   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

25   Defendants are without knowledge or information to form a belief as to the truth of such

26   allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Response to Allegations Regarding Interdistrict Assignment**

10.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

15.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 15 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21.    Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November 16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Defendants deny the allegations in this paragraph of the Complaint.

2    31.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.    Defendants deny the allegations in this

4    paragraph of the Complaint.

5    32.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

6    respectfully refer the Court to the Talk Paper for its actual language and text.    Any attempt to

7    characterize the Talk Paper is denied.    Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    33.    Defendants state that the referenced article speaks for itself and respectfully refer the

10    Court to the article for its actual language and text.    Any attempt to characterize the article is

11    denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    34.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

13    approval meta-analysis study" in this paragraph of the Complaint.    Defendants are without

14    sufficient information to confirm or deny such allegations and, therefore, deny the same.

15    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

16    the study for its actual language and text.    Any attempt to characterize the study is denied.

17    Defendants deny the remaining allegations in this paragraph of the Complaint.

18    35.    The allegations in this paragraph of the Complaint are not directed towards Defendants

19    and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

20    state that the referenced article speaks for itself and respectfully refer the Court to the article for

21    its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny

22    the remaining allegations in this paragraph of the Complaint.

23    36.    Defendants state that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.    Defendants deny any wrongful conduct and

25    deny the remaining allegations in this paragraph of the Complaint.

26    37.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

27    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

28    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.    Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants deny the allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

46.     The allegations in this paragraph of the Complaint are not directed towards Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

51.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   applicable standards of care and law.  Defendants deny the remaining allegations in this

2   paragraph of the Complaint.

3   54.    Defendants state that Bextra® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Bextra® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

8   deny the remaining allegations in this paragraph of the Complaint.

9   55.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

10   Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

11   that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

12   actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

13   that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

14   referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

15   language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

16   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

17   respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

18   characterize the transcripts is denied.  Defendants state that the referenced study speaks for

19   itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

20   to characterize the article is denied.   Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   56.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

23   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

24   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

25   that the referenced press release speaks for itself and respectfully refer the Court to the press

26   release for its actual language and text.  Any attempt to characterize the press release is denied.

27   Defendants state that the referenced article speaks for itself and respectfully refer the Court to

28   the article for its actual language and text.  Any attempt to characterize the article is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    57.    Defendants state that the referenced press release speaks for itself and respectfully refer

4    the Court to the press release for its actual language and text.  Any attempt to characterize the

5    press release is denied.  Defendants deny any wrongful conduct and deny the remaining

6    allegations in this paragraph of the Complaint.

7    58.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Bextra® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants admit, as indicated in the package insert

18   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

19   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

20   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21   59.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which at all times was adequate and comported with applicable standards of care and law.

25   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

26   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

27   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

28   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

60.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

64.    Defendants deny the allegations in this paragraph of the Complaint.

65.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that the referenced press releases speak for themselves and respectfully refer the Court to the press releases for their actual language and text.   Any attempt to characterize the press releases is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  with their approval by the FDA. Defendants deny any wrongful conduct and deny the

2  remaining allegations in this paragraph of the Complaint.

3  72.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

5  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

6  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

7  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

8  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  **Response to First Cause of Action: Negligence**

12  73.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

13  Complaint as if fully set forth herein.

14  74.    Defendants state that this paragraph of the Complaint contains legal contentions to

15  which no response is deemed required. To the extent a response is deemed required,

16  Defendants admit that they had duties as are imposed by law but deny having breached such

17  duties. Defendants state that the potential effects of Bextra® were and are adequately described

18  in its FDA-approved prescribing information, which was at all times adequate and comported

19  with applicable standards of care and law. Defendants state that Bextra® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information. Defendants

21  deny the remaining allegations in this paragraph of the Complaint.

22  75.    Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is deemed required. To the extent a response is deemed required,

24  Defendants admit that they had duties as are imposed by law but deny having breached such

25  duties. Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

27  this paragraph of the Complaint.

28  76.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   admit that they had duties as are imposed by law but deny having breached such duties.

3   Defendants state that Bextra® was and is safe and effective when used in accordance with its

4   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

5   were and are adequately described in its FDA-approved prescribing information, which was at

6   all times adequate and comported with applicable standards of care and law.  Defendants deny

7   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

8   including all subparts.

9   77.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants are without knowledge or information sufficient to form a belief as to the truth of

14  the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  78.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  79.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

25  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

26  paragraph of the Complaint.

27  80.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 84 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Second Cause of Action: Strict Liability

85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that Bextra® was expected to reach consumers without substantial change in

the condition from the time of sale. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

87.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

88.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

94.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

2   caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

3   Complaint.

4   95.     Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

9   allegations in this paragraph of the Complaint.

10  96.     Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

12  Defendants state that Bextra® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

14  were and are adequately described in its FDA-approved prescribing information, which was at

15  all times adequate and comported with applicable standards of care and law.  Defendants admit

16  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

17  in the United States to be prescribed by healthcare providers who are by law authorized to

18  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

19  certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

20  tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

21  healthcare providers who are by law authorized to prescribe drugs in accordance with their

22  approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

23  deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

24  paragraph of the Complaint.

25  97.     Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny the remaining allegations in this paragraph of the Complaint.

2  98.    Defendants state that this paragraph of the Complaint contains legal contentions to
3  which no response is deemed required.   To the extent a response is deemed required,
4  Defendants admit that they had duties as are imposed by law but deny having breached such
5  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance
6  with its FDA-approved prescribing information.  Defendants state that the potential effects of
7  Bextra® were and are adequately described in its FDA-approved prescribing information,
8  which was at all times adequate and comported with applicable standards of care and law.
9  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  99.    Defendants are without knowledge or information sufficient to form a belief as to the
11  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.
12  Defendants state that Bextra® was and is safe and effective when used in accordance with its
13  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®
14  were and are adequately described in its FDA-approved prescribing information, which was at
15  all times adequate and comported with applicable standards of care and law.  Defendants deny
16  the remaining allegations in this paragraph of the Complaint.

17  100.    Defendants state that Bextra® was and is safe and effective when used in accordance
18  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and
19  deny the remaining allegations in this paragraph of the Complaint.

20  101.     Defendants state that Bextra® was and is safe and effective when used in accordance
21  with its FDA-approved prescribing information.  Defendants state that the potential effects of
22  Bextra® were and are adequately described in its FDA-approved prescribing information,
23  which was at all times adequate and comported with applicable standards of care and law.
24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
25  the Complaint.

26  102.    Defendants state that Bextra® was and is safe and effective when used in accordance
27  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny
28  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

paragraph of the Complaint.

103.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 104 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

105.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

106.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

107.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

108.   Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

109.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    115.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    Answering the unnumbered paragraph following Paragraph 115 of the Complaint, Defendants

5    deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

6    remaining allegations in this paragraph of the Complaint.

7    **Response to Fourth Cause of Action: Breach of Implied Warranty**

8    116.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

9    Complaint as if fully set forth herein.

10    117.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12    by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

13    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16    accordance with their approval by the FDA.    Defendants deny the remaining allegations in this

17    paragraph of the Complaint.

18    118.    Defendants admit that they provided FDA-approved prescribing information regarding

19    Bextra®.    Defendants admit, as indicated in the package insert approved by the FDA, that

20    Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

21    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.    Defendants state

22    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

23    prescribing information.    Defendants deny the remaining allegations in this paragraph of the

24    Complaint.

25    119.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

27    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

28    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   120.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

5   Defendants state that Bextra® was and is safe and effective when used in accordance with its

6   FDA-approved prescribing information.  Defendants deny the remaining allegations in this

7   paragraph of the Complaint.

8   121.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10  Defendants state that Bextra® was expected to reach consumers without substantial change in

11  the condition from the time of sale.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  122.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15  Defendants state that Bextra® was and is safe and effective when used in accordance with its

16  FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18  123.     Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  124.    Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

26  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

27  paragraph of the Complaint.

28  125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    Answering the unnumbered paragraph following Paragraph 126 of the Complaint, Defendants

5    deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

6    remaining allegations in this paragraph of the Complaint.

7    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

8    127.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

9    Complaint as if fully set forth herein.

10   128.    Defendants state that this paragraph of the Complaint contains legal contentions to

11   which no response is deemed required.    To the extent a response is deemed required,

12   Defendants admit that they had duties as are imposed by law but deny having breached such

13   duties.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.    Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny the remaining allegations in this paragraph of the Complaint.

18   129.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.    Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint, including all subparts.

24   130.    Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.    Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the Complaint.

2    131.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

7    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

8    132.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   133.    Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   134.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   135.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   136.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   137.    Defendants deny any wrongful conduct and deny the remaining allegations in this

**Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111**

paragraph of the Complaint.

138.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.   Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.   Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

141.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

142.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 142 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

143.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    144.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

2    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

3    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

5    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

6    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    145.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

11    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    146.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

14    Defendants deny the remaining allegations in this paragraph of the Complaint.

15    147.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

17    Defendants state that Bextra® was and is safe and effective when used in accordance with its

18    FDA-approved prescribing information.  Defendants deny the remaining allegations in this

19    paragraph of the Complaint.

20    148.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22    Defendants deny the remaining allegations in this paragraph of the Complaint.

23    Answering the unnumbered paragraph following Paragraph 148 of the Complaint,

24    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

25    and deny the remaining allegations in this paragraph of the Complaint.

26    **Response to Prayer for Relief**

27    Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

28    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

#### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

2. Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

#### Third Defense

3. At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

#### Fourth Defense

4. At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in

determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Twentieth Defense**

2    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

3    preempted in accordance with the Supremacy Clause of the United States Constitution and by

4    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

5

**Twenty-first Defense**

6    21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

7    the subject pharmaceutical product at issue was subject to and received pre-market approval by

8    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

9

**Twenty-second Defense**

10    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

11    Plaintiff's Complaint was at all times in compliance with all federal regulations and statutes,

12    and Plaintiff's causes of action are preempted.

13

**Twenty-third Defense**

14    23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

15    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

16    issue under applicable federal laws, regulations, and rules.

17

**Twenty-fourth Defense**

18    24.    Plaintiff's claims are barred in whole or in part because there is no private right of

19    action concerning matters regulated by the Food and Drug Administration under applicable

20    federal laws, regulations, and rules.

21

**Twenty-fifth Defense**

22    25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

23    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

24    of Comment j to Section 402A of the Restatement (Second) of Torts.

25

**Twenty-sixth Defense**

26    26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

27    because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

28    Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California and Arkansas, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California and Arkansas.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  damages, if any; (5) permits jury consideration of net worth or other financial information

2  relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

3  court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

4  sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

5  satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

6  *Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443

7  (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto*

8  *Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

9  **Thirty-ninth Defense**

10  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

11  and marketing of Bextra®, if any, used in this case, included adequate warnings and

12  instructions with respect to the product's use in the package insert and other literature, and

13  conformed to the generally recognized, reasonably available, and reliable state of the

14  knowledge at the time the product was marketed.

15  **Fortieth Defense**

16  40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

17  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

18  the time of the sale.

19  **Forty-first Defense**

20  41.    If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

21  belief, such injuries and losses were caused by the actions of persons not having real or

22  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

23  no control and for whom Defendants may not be held accountable.

24  **Forty-second Defense**

25  42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

26  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

27  intended, and was distributed with adequate and sufficient warnings.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   collateral sources.

2   **Fifty-first Defense**

3   51.    Defendants' liability, if any, can only be determined after the percentages of

4   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

5   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

6   claimants and each and every other person whose fault could have contributed to the alleged

7   injuries and damages, if any, of Plaintiff.

8   **Fifty-second Defense**

9   52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

10  common law gives deference to discretionary actions by the United States Food and Drug

11  Administration under the Federal Food, Drug, and Cosmetic Act.

12  **Fifty-third Defense**

13  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

14  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

15  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

16  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

17  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

18  and with the specific determinations by FDA specifying the language that should be used in the

19  labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

20  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

21  United States.

22  **Fifty-fourth Defense**

23  54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

24  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

25  **Fifty-fifth Defense**

26  55.    Defendants state on information and belief that the Complaint and each purported cause

27  of action contained therein is barred by the statutes of limitations contained in California Code

28  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiff's fraud based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure and/or Rule 9 of the Arkansas Rules of Civil Procedure.

### Fifty-ninth Defense

59.    Plaintiff's damages, if any, must be reduced by the percentage of fault attributable to Plaintiff and to nonparties as provided by Ark. Code Ann. § 16-55-202.

### Sixtieth Defense

60.    Plaintiff's claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-first Defense

61.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

### Sixty-second Defense

62.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    negligence, and by the failure to mitigate damages.

2    **Sixty-third Defense**

3    63.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

4    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

5    abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or

6    persons acting on Defendants' behalf after the product left the control of Defendants.

7    **Sixty-fourth Defense**

8    64.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

9    timely notice, lack of privity, and because the alleged warranties were excluded and/or

10    disclaimed.

11    **Sixty-fifth Defense**

12    65.    Defendants reserve the right to supplement their assertion of defenses as they continue

13    with their factual investigation of Plaintiff's claims.

14    **V.**

15    **PRAYER**

16    WHEREFORE, Defendants pray for judgment as follows:

17    1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

18    2.    That the Complaint be dismissed;

19    3.    That Defendants be awarded their costs for this lawsuit;

20    4.    That the trier of fact determine what percentage of the combined fault or other liability

21         of all persons whose fault or other liability proximately caused Plaintiff's alleged

22         injuries, losses or damages is attributable to each person;

23    5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

24         than an amount which equals their proportionate share, if any, of the total fault or other

25         liability which proximately caused Plaintiff's injuries and damages; and

26    6.    That Defendants have such other and further relief as the Court deems appropriate.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    March 26, 2008                                GORDON & REES LLP

2

3                                                  By: : _____/s/_____

4                                                     Stuart M. Gordon
                                                      sgordon@gordonrees.com
5                                                     Embarcadero Center West
                                                      275 Battery Street, 20th Floor
6                                                     San Francisco, CA 94111
                                                      Telephone:  (415) 986-5900
7                                                     Fax:  (415) 986-8054

8    March 26, 2008                                TUCKER ELLIS & WEST LLP
                                                   .
9

10                                                 By: : _____/s/_____

11
                                                      Michael C. Zellers
12                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
13                                                    Los Angeles, CA  90071-2223
                                                      Telephone:  (213) 430-3400
14                                                    Fax:  (213) 430-3409

15                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
16                                                    CORPORATION, AND G.D. SEARLE
                                                      LLC
17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC,  hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  March 26, 2008                        GORDON & REES LLP

6

7                                        By: :_____/s/_____

8                                        Stuart M. Gordon
                                         sgordon@gordonrees.com
9                                        Embarcadero Center West
                                         275 Battery Street, 20th Floor
10                                       San Francisco, CA  94111
                                         Telephone:  (415) 986-5900
11                                       Fax:  (415) 986-8054

12

13  March 26, 2008                       TUCKER ELLIS & WEST LLP

14

15                                       By: :_____/s/_____

16                                       Michael C. Zellers
                                         michael.zellers@tuckerellis.com
17                                       515 South Flower Street, Suite 4200
                                         Los Angeles, CA 90071-2223
                                         Telephone:  (213) 430-3400
18                                       Fax:  (213) 430-3409

19                                       Attorneys for Defendants
                                         PFIZER INC., PHARMACIA
20                                       CORPORATION, AND G.D. SEARLE
                                         LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-46-